J. R. HENDRIX, PLAINTIFF IN ERROR, V. GEORGE H. BOGGS ET AL., DEFENDANTS IN ERROR.

1. **Wills.** The probate of a will and the issuing of letters testamentary are *prima facie* evidence of the death of the testator.

2. **Taxes:** REDEMPTION FROM TAX SALE: NOTICE. Notice of the time when the redemption of lands from tax sale will expire

must be given by the tax purchaser or his assignee before the expiration of the time to redeem.

3. ——— : DEED: SEAL. Where the law requires a tax deed to be executed under the seal of the county treasurer, a scroll is not sufficient.

ERROR to the district court for .Sarpy county. Tried below before NEVILLE, J.

*Congdon, Clarkson & Hunt,* for plaintiff in error, cited: 2 Wharton's Ev., § 1278. *Ins. Co. v. Tisdale,* 91 U..S., 238. *Carroll v. Carroll,* 60 N. Y., 123. *Carver v. Jackson,* 4 Peters, 1, 83. *Jones v. Sherman,* 56 Miss., 599. *Miller v. Hurford,* 13 Neb., 13. *Haller v. Blaco* (dissenting opinion), 10 Neb., 40.

*W. J. Connell,* for defendants in error, cited: *Taylor v. Courtnay, ante* p. 190. 1 Greenleaf Ev., § 550. 3 Wash. Real Prop., 684. *Newman v. Jenkins,* 10 Pick., 516. *Cunningham v. Smith,* 70 Penn. State, 450. *Tisdall v. Ins. Co.,* 28 Iowa, 12.

MAXWELL, J.

This is an action of ejectment brought by Boggs against Hendrix to recover the possession of certain real estate in Sarpy county. Hendrix in his answer claims the land under a tax deed dated April 24th, 1877, and possession thereunder for more than three years. On the trial of the cause, however, no such deed was offered in evidence, but one dated January 25th, 1881, upon a sale which took place on the sixth of November, 1878. The deed was excluded, and judgment entered in favor of Boggs.

The errors relied upon in the brief of the plaintiff will be considered in their order:

1st. Boggs claims title to the premises through a deed from William Dorsheimer and wife and Elizabeth Clifton, heirs and devisees of one Philip Dorsheimer, who resided

in Erie county, New York, and where what purports to be his last will, devising said real estate to William Dorsheimer *et al.*, was admitted to probate. This will was afterwards admitted to probate in Sarpy county, and a copy thereof introduced in evidence.

It is claimed that this was error, without proof of the death of Philip Dorsheimer. There seems to be a conflict in the authorities, in this country at least, as to proof of the death by letters of administration. To some extent this conflict may be explained by the difference in the procedure at common law and under statutes. At common law the will itself is the primary evidence as to lands; therefore if there are several executors, though some of them are minors or have not proved the will, still all must join in an action. 3 Wash. R. P., 684.

But under our statute executors derive their title and authority from the letters testamentary, and only such as have taken out letters can join in an action—in other words, have the right to act as executors. In order to authorize a court to grant letters testamentary, a petition must be presented to it, alleging, among other things, the death of the testator, and the court before admitting the will to probate must so find. This is sufficient in the absence of any opposing proof. 1 Greenleaf Ev., § 550, and cases cited. The will was therefore properly admitted in evidence.

2.   It is claimed that the court erred in sustaining the objections to the tax deed. There are fourteen of these, but two of which will be noticed, as they are fatal to the validity of the deed. *First*, That no proof was offered showing that notice had been given to occupants of the lands of the time when the redemption would expire.

Sec. 3, art. IX. of the constitution, provides: "That occupants shall in all cases be served with personal notice before the time for redemption expires." This provision is mandatory, and applies to all sales which took place after the con-

stitution of 1875 took effect. And it devolves on the purchaser at tax sale or his assignee to give the notice. The statute of 1879 makes the tax deed, in the form provided by statute, evidence of the service of notice or publication. But the deed in question does not state that the holder of the certificate has complied with the laws of the state to entitle him to a deed, or words to that effect, therefore the proof that notice was duly given devolves on him. The notice to be effectual, also, to entitle a party to a deed, must be given before the time to redeem expires. Neither of these facts appear, and the failure is fatal to the tax deed. The statute also requires the treasurer to execute the deed under his seal. This is not a scroll but the seal of his office. No seal was attached to the deed in this case. The plaintiff is entitled to foreclose his lien for taxes, but as he has not sought that relief in this case it cannot be granted.

There is no error in the record and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.