BENJAMIN F. SEAMAN, APPELLEE, v. JOHN S. THOMPSON
ET AL. (IMPLEADED WITH JOSEPH WATSON), AP-
PELLANTS.

1. **Taxes:** TAX DEED : EVIDENCE OF NOTICE TO REDEEM. A party
claiming under a tax deed under a sale of land for taxes levied
since the constitution of 1875 took effect must, where the tax
deed fails to recite the fact, prove that he has given the notice
to redeem required by the constitution.

2. ———— : ———— : SEAL. A tax deed not attested by the seal of
the treasurer is invalid.

APPEAL from the district court of Fillmore county.
Tried below before MORRIS, J.

*J. W. Eller* and *John Barsby,* for appellants.

*Jensen & Cooksey,* for appellee.

MAXWELL, J.

This action was brought in the district court of Fillmore
county by the plaintiff against the defendants to foreclose
a mortgage executed by Joseph Watson to Robert Watson,

on the 27th of March, 1875, upon the south-west quarter of section ten, township eight, range two west, to secure the payment of the sum of $500. The mortgage was afterwards assigned to the plaintiff.

The defendants, John S. Thompson, Sr., and John S. Thompson, Jr., claim under a tax deed of said premises executed on the 3d day of December, 1880, upon a sale of the same on the 5th day of November, 1877, for the taxes due thereon for the year 1876.

On the trial of the cause the court found the tax deed invalid and rendered a decree of foreclosure and sale. The court also found that the amount required to redeem said real estate from the taxes paid by the defendants was the sum of $172.92, which amount the plaintiff was required to pay into court for the use of the defendants (Thompsons). The court also found that the value of the lasting and valuable improvements over and above the rents and profits put on said land by the defendants under the tax deed, was the sum of $1,991.46, which sum was declared to be a second lien on said premises. The defendants (Thompsons) appeal.

The principal ground of objection is the finding and judgment of the court that the tax deed was invalid.

Sec. 3, Art. 9 of the constitution provides that, "The right of redemption from all sales of real estate, for the non-payment of taxes or special assessments of any character whatever, shall exist in favor of owners and persons interested in such real estate for a period of not less than two years from such sales thereof; Provided, That occupants shall in all cases be served with personal notice before the time of redemption expires."

The clear intention of this provision is to guard the rights of persons interested in real estate from an adverse title through tax proceedings, without an opportunity to redeem. We find nothing in the record tending to prove that such notice was given before the time of redemption

expired, or at any other time, and there is no recital in the tax deed that such notice was given. There being an entire failure of proof upon this point the tax deed for that reason is invalid. *Hendrix v. Boggs,* 15 Neb., 469. *Zahradnicek v. Selby,* 15 Neb., 579.

But the deed is void for another reason. The form of tax deed prescribed by the statute requires the treasurer's seal to be affixed to the deed. This is his official seal. A tax deed is purely the creature of the statute. The officer in executing the same acts under a naked power. He cannot disregard any of the steps prescribed by the statute in the form of the deed. If so, he might neglect to sign the same and merely affix his seal thereto, or omit the acknowledgment or witness to the execution of the deed. No one will contend that he could omit any of these requirements. Why then omit the seal. It is evidence of the official character of the person signing the deed and is just as essential to the validity of the deed as the signature of the officer itself. *Hendrix v. Boggs, supra. Sullivan v. Merriam, ante* p. 157.

In *Sutton v. Stone,* 4 Neb., 319, it was held that the omission of the county seal in the attestation of the tax deed by the county clerk rendered the deed invalid. It is said (page 323), this (the seal) is a positive requirement of the statute, and is just as necessary to the validity of a tax deed as is the acknowledgment thereof by the county treasurer. A decree has been rendered in favor of the defendants for all taxes and interest to which they are entitled and for the value of all lasting and valuable improvements made by them on said land, and they have no cause of complaint. The judgment must be affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.