JOHN LAMMERS, PLAINTIFF IN ERROR, v. JOHN COMSTOCK, IMPLEADED, ETC., DEFENDANT IN ERROR.

1. **Taxes:** SALE: REDEMPTION. The failure of a tax purchaser to give notice to the owner or occupant of the real estate to redeem, at least three months before the time of redemption expires, although fatal to the obtaining of a tax deed, is not indispensible to enable the holder of the tax certificate to bring an action to foreclose the tax lien.

2. ———: ———: COSTS. The failure to serve such notice may require the plaintiff to pay the costs where the owner or occupant comes forward and tenders the amount due at the time suit is brought.

ERROR to the district court for Cedar county. Tried below before CRAWFORD, J.

*W. E. Gantt* and *Gamble Bros.*, for plaintiff in error.

*Barnes Bros.*, for defendant in error.

MAXWELL, CH. J.

In September, 1885, the plaintiff filed a petition in the district court of Cedar county wherein he alleges:

1st.   That the land described above as defendant was for the year 1871, and for the succeeding years hereinafter mentioned, assessed and taxed as unknown, and that said land is situated in Cedar county, Nebraska.

2d.   That on the 13th day of January, 1883, the amount of taxes due on said land was the sum of $3,417.65 without interest, and that on said date the said plaintiff purchased said lands from the county treasurer of Cedar county, Nebraska, paying therefor the sum of $683.52, that being twenty per cent of the amount of taxes levied against said lands for the years 1871, 1872, 1873, 1874, 1875, 1876, 1877, 1878, 1879, 1880, and 1881, and a further sum of $34.18, being the fees allowed the said treasurer for making said sale, and the sum of 50 cents paid said treasurer for making the certificate of said tax sale, and making a total of $718.20 paid by plaintiff at said date and included in said certificate.

3d.   Plaintiff states that said purchase of said lands was made from said treasurer at private tax sale, the said lands having been offered at public tax sale for each of said mentioned years by the said county treasurer of Cedar county, Nebraska, at the time and place required by law, and not sold for want of bidders; that said purchase was made by the plaintiff after the county treasurer had made return and filed in the office of the county clerk a return of his public tax sales of lands in and for Cedar county for each of said mentioned years, as the same appeared by his sale book for lands of said years.

4th.   Plaintiff states that the said sale of said lands was made by the county treasurer of Cedar county for the 20 per cent of the amount of taxes due on said lands at the time of the sale of the same to this plaintiff by virtue of

an order of the county commissioners of the county of Cedar, which said order was made after said lands had been offered as aforesaid at public sale for each of said years, and by which order the board of county commissioners fixed as a minimnm price on said lands the sum of twenty per cent of the amount of taxes due, and which were so fixed by said board, amounted to $683.52, and said board by said order authorized the treaserer to sell said lands for said twenty per cent of the amount of taxes due, and said treasurer by virtue of said order sold said lands to this plaintiff.

5th. Plaintiff states that as the purchaser of said lands as aforesaid he has paid other taxes thereon as follows: On February 26th, 1883, all of the taxes due for the year 1882, amounting to the sum of $347.32. On February 26th, 1884, all of the taxes due for 1883, amounting to the sum of $54.05. On December 31st, 1884, all of the taxes due for 1884, amounting to the sum of $79.47.

Plaintiff states that the total amount of taxes paid by him on said lands, including treasurer's fees on sale and cost of certificate of tax sale, amounts to the sum of $1,199.04.

6th. Plaintiff states that his title to said lands, by reason of his purchase and payment of taxes aforesaid, has failed, and the plaintiff waives all claim of title to said land by virtue of said tax certificate except to and for a lien of the taxes paid as aforesaid on said lands, and that no part of the same has been paid except on lots 1 to 10 inclusive, in block 43, redeemed on the 17th day of March, 1883, and amounting to the sum of $3.30; also lots 45, 46, 47, and 48, in block 138, and lots 17 and 18 in block 142, redeemed June 12th, 1883, amounting to the sum of $5.45, that there is now due and payable to plaintiff the sum of $1,190.29, with interest on $709.45 from the 13th day of January, 1883, at the rate of 20 per cent per annum; on $347.32 from the 25th day of February, 1833, at the rate of 20 per cent per annum; on $54.05 from the 26th day

of February, 1884, at the rate of 20 per cent per annum and on $79.47 from the 31st day of December, 1884, at the rate of 20 per cent per annum.

7th.    Plaintiff states that no proceedings have been had or commenced at law for the payment of said sums of money, nor any part thereof been paid except as stated in paragraph 6th of this petition.    Wherefore plaintiff prays judgment that said sums of money may be declared a lien on said lands, the defendant above described, and that said lands defendant herein may be decreed to be sold to satisfy the several sums of money paid as taxes thereon, with interest at the rate of twenty per cent per annum, on $709.45 from the 13th day of January, 1883; on $347.32 at the rate of 20 per cent per annum from the 25th day of February, 1883; on $54.05 at the rate of 20 per cent per annum from the 26th day of February, 1884; and on $79.47 at the rate of 20 per cent per annum from the 31st day of December, 1884; a reasonable attorney's fee and costs of suit; and for such other and further relief as justice and equity may require.

That thereafter, on the 24th day of February, one John Comstock made application to the court to be substituted as defendant in the place of said land in said action, and an order was entered making him a defendant.    He thereupon filed a demurrer to the petition upon the ground that the facts stated therein were not sufficient to constitute a cause of action.    The demurrer was sustained and the action dismissed.

The principal ground upon which it is claimed that the petition fails to state a cause of action is the want of an allegation that the purchaser served a written or printed "notice of such purchase on every person in actual possession or occupancy of such land or lot, and also the person in whose name the same was taxed or specially assessed, if upon diligent inquiry he can be found in the county, at least three months before the expiration of the time of re-

demption on such sale," etc.   Such a notice is required in
all cases where it is sought to obtain a tax deed.   *Hendrix
v. Boggs,* 15 Neb., 469.   *Zahradnicek v. Selby,* 15 Neb.,
579.   *Young v. Brandt,* 15 Neb., 601.   *Seaman v. Thomp-
son,* 16 Neb., 546.   *Bryant v. Estabrook,* 16 Neb., 217.

In the last case it is said, in the 5th point in the sylla-
bus, that " under the provisions of section 3, article 9, of
the constitution, it is not necessary to serve a notice on the
defendant before bringing a suit to enforce a tax lien."
The object of giving the notice is simply to enable the
land-owner or occupant to pay the taxes due upon the
land without additional expense.   In order to obtain a
tax deed, which depends for its validity upon a strict com-
pliance with the requirements of the statute, such notice,
given substantially in the manner provided, is essential.
When, however, the purchaser does not ask for a tax deed,
but comes into a court of equity to enforce his lien upon
the land, the court will look at the purpose of the statute
and the intention of the legislature in passing it, and so
construe the act as to carry such purpose and intent into
effect.

This principle is clearly stated in *Otoe County v. Math-
ews,* 18 Neb., 466, where it was held that in an action in
equity to foreclose a tax lien, " the court will look to the
statute, and not to the assessment, as the foundation of
such lien, and will regard no defense or objection which
goes only to the manner of assessing or levying such taxes,
or advertising or conducting the sale," etc.   That is, that
where a tax is a valid charge upon land, the court will
carry out the intention of the legislature in declaring taxes
upon real estate a perpetual lien, and providing a mode of
foreclosing the same, to make the lien available.   Thus,
in case of a mortgage, the court will look at the real con-
tract, which is a pledge of the estate for a debt, and treats
the time mentioned in the mortgage as only a formal part
of it, and determines the rights of the parties accordingly.

This is upon the ground that the general intention shall override the words of the particular stipulation. *Hipwell v. Knight*, 1 Younge & Collyer, 415. So in the ordinary purchase of real estate, the fixing of a particular day for payment is merely formal, and as the court considers that the purpose of the parties was a sale of the real estate, the contract may be enforced in a reasonable time after the day fixed. There are cases where time is of the essence of the contract, as where property will damage in value by the effluxion of time. The real proposition which the statute makes to every one desiring to purchase real estate at tax sale is, that in case the title fails, or no title is obtained, then the purchaser shall receive his purchase money back, with interest; and further, that if the lands were not taxable, the county shall refund the purchase money, interest, and costs to him or his assignee. This does not depend on the question of notice. The statute, by fixing five years as a limitation of the time in which an action to foreclose a tax lien could be brought, by implication repeals the condition that notice to redeem shall be given at least three months before the time of redemption expires, in order to bring an action to foreclose the lien. At the most, the want of such notice, where the land-owner offers to pay the amount due, can only affect the question of costs. In our view, the failure to give the notice required by sec. 131 of the revenue law is not fatal to an action to foreclose the lien for taxes. The other questions involved can more properly be raised by answer when the actual facts in the case can be determined. The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.