HORTENSE LOTHROP, APPELLANT, V. ANTON MICHAEL-
SON, APPELLEE.

FILED APRIL 5, 1895.    No. 5678.

1. **Ejectment:** OCCUPYING CLAIMANTS: REPORT OF APPRAISERS: OBJECTIONS.    Objections to the report of appraisers made under the provisions of the occupying claimants act (ch. 63, Comp. Stats.) should be filed on or before the second day of the term of the district court next after the filing of the appraisement with the clerk of the court, where such report is made and filed in vacation.

2. ———: ———: ———: ———: REVIEW.    The court may permit such objections to be filed out of time, but it is not reversible error to refuse so to do, where no abuse of discretion is shown.

3. ———: ———: APPRAISEMENT.    The appraisers appointed under said law are required to make their appraisement from a view of the premises.    They have no authority to take the testimony of witnesses.

4. ———: ———: IMPROVEMENTS: MEASURE OF RECOVERY.    Where an occupying claimant is allowed for valuable and lasting improvements made while in possession, the measure of his recovery is the amount the real estate increased in value by reason of such improvements, and not the cost of making the same. (*Fletcher v. Brown,* 35 Neb., 660.)

5. **Limitation of Actions:** TAX LIENS.    The statute of limitations relating to the foreclosure of tax liens is no bar to the recovery of taxes under the provisions of the occupying claimants' act.

APPEAL from the district court of Washington county. Heard below before SCOTT, J.

*John Lothrop,* for appellant, cited: *O'Dea v. Washington County,* 3 Neb., 121; *Blair v. West Point Mfg. Co.,* 7 Neb., 146; *Fletcher v. Brown,* 35 Neb., 660; *Warren v. Demary,* 33 Neb., 327.

*Jesse T. Davis, contra,* cited: *Helphrey v. Redick,* 21 Neb., 80.

NORVAL, C. J.

The appellant brought an action of ejectment in the district court of Washington county against the appellee to recover possession of certain real estate situate in said county. The answer denies the title of the plaintiff, and sets up title to the premises in the defendant under a tax deed. The answer further alleges that the defendant, while in possession of the real estate, has paid certain taxes thereon and made valuable and permanent improvements upon the land. The defendant prays, in case a judgment of ejection is entered against him, that he recover under the provisions of the occupying claimants' law for the said improvements and taxes. The case was tried to a jury at the September, 1891, term of the district court, who found the plaintiff to be the owner and entitled to the possession of the premises, and judgment was rendered upon the verdict. Subsequently the parties entered into and filed a written stipulation to the effect that the defendant was an occupying claimant, under the statutes of this state, and that the Honorable Herbert J. Davis, one of the judges of said district court, should make an order for the appointment of appraisers to ascertain the value of the permanent improvements made by the defendant, as well as the rents and profits of said land. The order was made in accordance with the stipulation. The appraisers were appointed, who subsequently made their report in writing. This report was, on motion of the plaintiff, set aside, on account of the failure of the appraisers to take and subscribe the

oath required by statute. An order was issued to summon new appraisers, and the sheriff, in accordance with the command thereof, selected three disinterested freeholders of the county, who, after qualifying, made and filed their report in writing in vacation, and within the time required by the court, with the clerk of the district court, to-wit, on the 2d day of January, 1892. The referees found the value of the premises at the time the defendant went into possession thereof in the sum of $100, total rents and profits to be the sum of $90, and the total value of the lasting and valuable improvements made by the defendant while in possession to be $715.20. The appraisement itemizes the various improvements and the value of each is assessed. The fifth item is as follows: "5. We find that the defendant has grubbed and cleared ten acres of said land, which we assess of the cash value of $100." On the first day of the February, 1892, term of the district court, to-wit, on February 29, the defendant filed a motion to confirm said report of the appraisers, and on the 2d day of March, 1892, the plaintiff filed a motion to be permitted to file exceptions to said report, which last motion was denied on March 9, and the following decree was entered upon the journal in said cause:

"And now, on this 9th day of March, 1892, this cause came on to be heard upon the report of the appraisers heretofore selected by the sheriff of Washington county, Nebraska, under the order of this court to appraise the valuable and lasting improvements made thereon by the occupying claimant, Anton Michaelson, on the south half of the northeast quarter of section 22, township 18, range 12 east, of the 6th P. M., which report is in words and figures as follows:

*     *     *     *     *     *     *

"And no objections having been filed to the report of said appraisers that the said report was made within the time required under the order of this court and the

written instructions given to said appraisers by the court, the court finds that the same is reasonable and fair, and that no injustice has been done either party, except item 5 in said appraisers' report, which is, by consent of the occupying claimant, disallowed and stricken out by the court. The amount found due by the appraisers, after deducting the amount of said premises and the amount stricken out by the court, to be the sum of $525.20. And thereupon this cause came on further to be heard upon the amount paid as taxes by the occupying claimant, and after hearing the proofs the court finds that the occupying claimant has paid taxes, including interest, at the rate of ten per cent per annum from the dates of the payment of each item of taxes paid by him on said premises, to be the sum of $370.45.

"It is therefore ordered, adjudged, and decreed by the court that Anton Michaelson, the occupying claimant, have and recover of the said plaintiff Hortense Lothrop the sum of $525.20 for valuable and lasting improvements, made upon said premises, and the further sum of $370.45 as taxes, making a total of $895.65, and that the same is hereby decreed to be a lien upon the above described premises; that the said Hortense Lothrop shall, on or before the 15th day of August, 1892, elect to receive the value of the lands found by the appraisers without the improvements thereon, the same being the sum of $100, and in case she elects so to do, she shall deposit with the clerk of the district court of Washington county, Nebraska, a general warranty deed of said premises to Anton Michaelson, or tender the same to him in person; or, in case she shall not so elect, then, in that case, she shall pay to the said Anton Michaelson the said sum of $895.65 so found due for improvements and taxes as aforesaid on or before the 15th day of August, 1892, together with interest thereon at the rate of seven per cent per annum on the sum of $525.20, at ten per cent per annum on the sum of $370.45 from the

first day of this term of court, with costs of suit.   And that in case the said plaintiff, Hortense Lothrop, shall fail to elect to pay for the improvements and taxes found due to the occupying claimant, or shall fail to elect or take the appraised value of the lands within the time mentioned in this decree, then, and in that case, the occupying claimant, Anton Michaelson, shall, on or before the 1st day of September, 1892, pay to the said Hortense Lothrop, or to the clerk of the district court of said county, the sum of $100, so found as the value of said lands without the improvements thereon, for the use and benefit of the said Hortense Lothrop.

"Plaintiff excepts."

It is insisted that the court erred in overruling plaintiff's motion for leave to file objections to the report of the appraisers.   By the provision of section 5 of the act for the relief of occupants and claimants of real estate (ch. 63, Comp. Stats.), objections to an appraisement made under said law are to be filed on or before the second day of the term of court next after the filing of said appraisement with the clerk of the district court, where such report of the appraisers is made in vacation.   In the case at bar, as already stated, the appraisement was filed in vacation, and it was not until the third day of the term of court next thereafter that the motion was made for permission to file objections to the same.   Such leave to file was, therefore, not made within the time limited by said act.   Doubtless, the trial court possessed the power to permit the plaintiff to file objections to the report after the expiration of the period fixed therefor by statute, but its failure so to do is not reversible error, unless it appears that there has been a clear abuse of discretion.   This the record before us fails to disclose.   The plaintiff's motion for leave to file objections was not accompanied by any showing excusing the delay in the filing thereof, nor did she at that time present to the court her objections to the report.   There is copied

into the transcript a paper purporting to be exceptions to the report and certain affidavits which were filed with the clerk of the district court on March 9, but they cannot be considered, for the reason that they have not been embodied in, or made a part of, the bill of exceptions. There is nothing in the record to show that they were ever called to the attention of the trial judge at any time. No abuse of discretion being shown, we cannot reverse the decree for the refusal of the court to permit objections to the appraisement to be filed out of time.

The next contention of appellant is that she was not allowed to appear and produce witnesses before the appraisers before they made their report. There are two answers to this objection: First, it does not appear, except by the affidavits above mentioned, and which are not a part of the record in the case, that any application was made by the appellant, or any one for her, to be allowed to produce and examine witnesses before the appraisers. Again, there is no provision in the occupying claimants' act which authorizes the appraisers to take testimony for the purpose of ascertaining the value of the real estate, or the value of the permanent improvements placed thereon by the occupant of the premises, or the amount of the rents and profits received by him. The proceedings are regulated entirely by statute. The appraisers are required to make their appraisement from a view of the real estate in question. (See sec. 5, ch. 63, Comp. Stats.)

The next point argued is that the value of the land at the time the defendant went into possession, as fixed by the appraisers, is too low. They placed the value at $100. No evidence was adduced in the district court upon this branch of the case after the appraisement was filed, therefore we are unable to determine whether the market value of the premises was more than the sum returned in the appraisement or not.

It is insisted that an unjust value was placed upon the

improvements by the report, and the case of *Fletcher v. Brown*, 35 Neb., 660, is relied upon to sustain this contention. It was there held, in an opinion by Judge POST, that the occupant of real estate is entitled to recover for the valuable and lasting improvements made by him while in possession under a claim of title, the amount the real estate is increased in value by reason of such improvements, and not the costs of making the same. The rule stated was not violated in the case under consideration. It is the value of the improvements, and not the costs thereof, that the appraisers awarded to the defendant Michaelson.

Lastly, it is said that there was error in allowing the sum of $370.45 for taxes paid on the land by the defendant, for the reason that the same is barred by the statute of limitations relating to the foreclosure of tax liens. The statute invoked by appellant has no application to proceedings under the occupying claimants' act. By section 1 of said last named act it is provided that the person entitled to the benefits of the provisions shall not be evicted or turned out of possession of the real estate until he has been reimbursed "for all taxes and assessments paid upon said real estate by such claimant, and the persons under whom he claims, with interest thereon, at the same rate of interest as provided by law for delinquent taxes, and for all sums of money paid by such occupant or claimant, or those under whom he claims, to redeem such real estate from any sale or sales for non-payment of taxes previous to receiving actual notice by the commencement of suit on such adverse title or claim by which such eviction or cancellation may be had, unless such occupant or claimant shall refuse to pay the person so setting up and proving an adverse and better title the value of such real estate without improvements made thereon as aforesaid, upon the demand of the successful claimant as hereinafter provided." (Sec. 1, ch. 63, Comp. Stats.) The foregoing provision is unambiguous. There is no room for construction. Under it the court

could not have done otherwise than allow the defendant the amount of all taxes paid by him upon the land, with interest.  The decree is right and is

AFFIRMED.