ADELINE MCPHERSON, APPELLANT, V. DANIEL MCPHERSON
ET AL., APPELLEES.

FILED FEBRUARY 22, 1906.   No. 14,143.

1. **Husband and Wife: TITLE BY PRESCRIPTION.** The general rule is that the husband or wife cannot, while living together and in the joint possession of real estate, acquire title one against the other by prescription.

2. ———: ———. In such case both are presumed to occupy the premises in subordination to the title under which possession was taken, in whichever of the parties it may be, and not in hostility to such title.

3. ———: ———. A husband, while living with his wife, held possession of land, claiming title thereto through a tax deed which was void upon its face for want of a seal. Some years after taking possession he caused the same to be conveyed to his wife through a third party, his deed being a quitclaim, and the parties thereafter jointly occupied the land. Some time prior to the running of the statute of limitations in favor of the wife and the vesting of title in her by prescription, the husband bought in the patent title and thereafter, for some years, continued in possession of the premises with his wife, but did not record his deed or assert any title to the premises in hostility to the claim of his wife until the statute had run in her favor. *Held*, that his possession of the land with his wife after acquiring the patent title, without any act or declaration on his part that he was claiming possession under his deed, did not arrest the running of the statute in favor of the wife, and that she acquired title to the land through adverse possession thereof.

APPEAL from the district court for Washington county: LEE S. ESTELLE, JUDGE. *Reversed with directions.*

*Jefferis & Howell,* for appellant.

*Herman Aye* and *F. A. Brogan, contra.*

DUFFIE, C.

This action was brought to quiet plaintiff's title to 80 acres of land.   In October, 1876, the land was sold at private sale for delinquent taxes by the treasurer of Washington county and purchased by the defendant Daniel McPherson.   A treasurer's deed was issued to him in October, 1878, and on the same day he caused the deed to be recorded in the office of the county clerk.   It is conceded that the tax deed is void upon its face, for the reason that it does not have the seal of the treasurer impressed thereon. At the time of purchasing this land at tax sale the plaintiff and defendant were husband and wife, and living together on a four acre tract adjoining the land in controversy.   In 1887 a public road was established separating the tract upon which the parties lived from the premises in dispute.   McPherson took possession of the land at the time of his purchase at the tax sale, and thereafter continued to use and occupy the same for farming purposes, raising crops thereon until January 14, 1884, when he caused a conveyance by quitclaim deed to be made through a third party to his wife, the plaintiff herein, the expressed consideration in the deed being $500. On February 24, 1886, the defendant procured a conveyance by quitclaim deed from the parties holding the patent title to said land, and this conveyance he kept from record until June 16, 1894.   From January 14, 1884, the date of the conveyance to his wife, until June 16, 1894, the plaintiff and defendant continued to live together as husband and wife on the four acre tract above mentioned, and the 80 acres in question were worked and farmed by the defendant with the knowledge of the plaintiff, and the

proceeds of said premises were used in the support of defendant McPherson and his family, including the plaintiff, without any specific contract or agreement being made as to the same; and from February 24, 1886, to June 16, 1894, the plaintiff had no knowledge of the deed from the owners of the patent title to the defendant. During all the time from January 14, 1884, until June 16, 1894, the plaintiff and defendant worked together as husband and wife for the mutual benefit and support of each other and family, and the premises in question constituted their only farm lands in connection with their home on the four acre tract upon which they actually resided. From June 16, 1894, until the commencement of this action the defendant farmed said premises and asserted ownership thereof as against the plaintiff. For four or five years prior to the commencement of this suit the defendant McPherson has had the exclusive use and occupancy of said premises. From January 14, 1884, to February 24, 1886, the defendant never made any claim to said premises, and from February 24, 1886, to June 16, 1894, did not specifically or in express terms make any claim to the plaintiff that he was the owner thereof. The above facts all appear from an agreed statement of facts filed by the parties in the trial court. The trial resulted in a decree dismissing the plaintiff's bill, and awarding costs to the defendant. From this decree she has appealed to this court.

From the foregoing statement it will be seen that the defendant's conveyance to his wife was made something more than seven years after his purchase of the land at tax sale, and more than five years after the receipt and recording of his tax deed, and that during this time he was in the actual possession of the land, claiming to own the same. While his tax deed was void, it conferred color of title under which a continued uninterrupted possession for ten years from the date of his entry thereunder would give him good title by prescription. His tax deed, also, under our statute relating to occupying claimants, pro-

tected him in his possession until he should be reimbursed for improvements made upon the land, if any, and for taxes paid thereon, with statutory interest. *Lothrop v. Michaelson,* 44 Neb. 633. His conveyance to his wife vested in her all the rights in the land which he possessed, and her possession could be tacked to his own in support of a claim of title by prescription. *Lantry v. Wolff,* 49 Neb. 374.

The rule is well established that to interrupt the possession an action must be commenced against the claimant by the true owner, or a reentry on the premises made by him. To interrupt the possession by reentry by the owner, the intention to take possession must be sufficiently indicated by words or acts, by express declaration, or by exercise of acts of ownership inconsistent with a subordinate character. 1 Cyc. p. 1,010. As stated in *Burrows v. Gallup,* 32 Conn. 493, 87 Am. Dec. 186, the owner may tread upon his own soil and still be as much out of possession of it there as elsewhere. In other words, the reentry must be in hostility to the possession of the claimant. The party from whom the defendant acquired the patent title could interrupt the plaintiff's possession only by suit commenced for that purpose or by a reentry into the premises under a claim of title. Had he become a boarder in the plaintiff's family, and lived with her upon the premises for any length of time without manifesting his intention of claiming possession in his own right, the possession of the plaintiff would not be thereby interrupted, and we are at a loss to see how by his deed of conveyance to the defendant he could confer on him any greater right than he himself possessed. For eight years after acquiring the patent title the defendant kept the deed from record, and made no claim to the land; at least, he gave the plaintiff no reason to believe that he asserted a claim as against the title and rights which he had conveyed to her. It is true that he was in possession with her, but as long as he asserted no possession in himself and claimed no title to the premises, it must be conclusively

presumed that his possession was in subordination to
hers. The case is very different from that of *Hovorka v.
Havlik*, 68 Neb. 14, where title was claimed by the hus-
band through a deed from the wife, and also by adverse
possession as against her title. The deed was held in-
valid, and a claim of title by adverse possession was
denied, there being no reason to believe that a hostile ad-
verse possession had been asserted against her, or that any
claim of adverse ownership by possession could be pre-
sumed as long as the parties were occupying the premises
as husband and wife. Until, as in the present case, some
reason exists for the assertion of a title by the husband
or wife, one against the other, the presumption will con-
clusively obtain that the possession of each is through
and on account of the family relation, and not under a
claim of ownership adverse to the title under which pos-
session was taken, in whichever of the parties that title
may be. It was urged in the argument at bar, and some
of the cases support the rule, that the law will not counte-
nance a claim of adverse possession made by one spouse
against the other; that public policy, having in view the
preservation of the integrity of the marriage state, will not
countenance a rule tending to disrupt the peaceful relation
of the parties; but this argument, if good, would have
equal weight against the maintenance of a suit by hus-
band or wife to recover a debt due from one to the other,
or to foreclose a mortgage upon the premises occupied
by them for money loaned by one to the other; and it
would hardly do for the courts to read into the statute
of limitations an exception which the legislature has seen
fit to omit, because, in their opinion, the family relations
would be better preserved by refusing to enforce it in its
entirety between husband and wife. The case we are con-
sidering is an exception to any to which our attention has
been called, but we are quite clear that when the husband
has entered into possession of a tract of land under a void
deed, and is asserting title in such a manner as to have
the benefit of the occupying claimant's law and the statute

relating to title by prescription, and, while the statute is running in his favor, conveys to his wife, he cannot interrupt the running of the statute in her favor by buying in the legal title, unless he asserts that title to the same effect that his grantor would be required to do.

We recommend a reversal of the decree appealed from, and that the cause be remanded, with directions to the district court to enter a decree in favor of the plaintiff.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree appealed from is reversed and the cause remanded, with directions to the district court to enter a decree in favor of the plaintiff.

REVERSED.