DAVIS FOUTS, APPELLANT, v. HENRY P. MANN, APPELLEE.

1. **Mortgage Foreclosure**: DEFENSE: COUNTER-CLAIM. One M. purchased certain real estate for $700, paying $200 thereon, and giving five notes for $100 each with interest, and payable in one, two, three, four, and five years, and secured by mortgage on the real estate. The first note was paid, and a portion of the interest on all. Default being made in the payment of the second note, an action was instituted to foreclose the mortgage, and the maker having removed from the state, service was had by publication, and a decree rendered and sale of the mortgaged premises, which were purchased by the mortgagee, who then commenced an action on the fourth and fifth notes. M. answered, setting up the invalidity of the proceedings to foreclose the mortgage, and a prayer to redeem from the same. *Held*, That the matter stated in the answer constituted a counter-claim.

2. **Service by Publication.** An affidavit for service by publication is sufficient if it states the nature of the cause of action for which publication may be made, and that service of summons cannot be made upon the defendant or defendants within the state.

3. ———: AFFIDAVIT: OMISSION. If land of the description given is within a county where an action is commenced to foreclose a mortgage thereon, the omission of the name of the county or principal meridian in the affidavit and notice, is not fatal.

4. ———: PUBLICATION IN NEWSPAPER. Four weekly publications of a notice to foreclose a mortgage are sufficient; and five weekly publications are equally valid.

5. **Records**: SIGNATURE OF JUDGE. The failure of the judge to sign a decree of foreclosure, or the record, does not affect the validity of a judgment actually rendered.

APPEAL from the district court of Gage county. Heard below before WEAVER, J.

*Colby & Hazlett*, for appellant.

The second defense in the answer is not a counter-claim.

*Walker v. Millard,* 29 N. Y., 375.　*Thorpe v. White,* 13 Johns., 56.　1 Parsons Notes and Bills, 197.　*Loomis v. Eagle Bank,* 10 Ohio State, 327.　*Edgerton v. Page,* 20. N. Y., 281.　*Duffy v. Duncan,* 35 Id., 187.　On signature of judge to decree, cited: *Nuckolls v. Irwin,* 2 Neb., 66. *Clough v. State,* 7 Id., 321.　*Wise v. Frey,* 9 Id., 220. *Gillette v. Morrison,* Id., 400.　Defect in description in order of sale does not invalidate proceedings.　Decree itself is authority for the action of the sheriff, not the order of sale.　*Rector v. Rotton,* 3 Neb., 177.　See also *Douglass v. McCoy,* 5 Ohio, 522.　*Longworth v. Bank,* 6 Id., 536. *Armstrong v. McCoy,* 8 Id., 128.　*Spiller v. Nye,* 16 Ohio, 16.　The confirmation of the sale cured irregularities. Rorer on Judicial Sales, 108.　*Phillips v. Dawley,* 1 Neb., 320.　*Crowell v. Johnson,* 2 Id., 146.　*Day v. Thompson* 11 Id., 125.

*L. M. Pemberton,* for appellee.

On subject of counter-claim, cited: Pomeroy Rem., § 738.　Bliss Code Pl., §§ 125, 372 and cases cited note 1, page 447.　*Smith v. Fife,* 2 Neb., 10.　*Gordon v. Benner,* 49 Mo., 570.　*Allen v. Shackleton,* 15 Ohio St., 145.　*Isham v. Davidson,* 52 N. Y., 237.　*Norris v. Tharp,* 65 Ind., 47.　On defects of affidavit for publication, cited: *Atkins v. Atkins,* 9 Neb., 191.　*McGavock v. Pollock,* 13 Neb., 535.　*Shields v. Miller,* 9 Kan., 390. *Forbes v. Hyde,* 31 Cal., 342.　*Claypoole v. Houston,* 12 Kan., 324.　On insufficient description of property, cited: *Coben v. Trowbridge,* 6 Kan., 385.　1 Jones on Mortgages, § 66 and cases cited.　On notice of publication, cited: *Crowell v. Galloway,* 3 Neb., 215.　*Fanning v. Krapfl,* 14 N. W. R., 728.　Even if no order of sale was necessary, sheriff could not sell until he had given the notice required by law.　Rorer, § 99.　Wade on Notice, § 1088.　*Collins v. Smith,* 15 N. W. R., 192.　*Wescott v. Archer,* 12 Neb., 345.　*Wheatley v. Terry,* 6 Kan., 427.

MAXWELL, J.

In October, 1875, the defendant executed and delivered to the plaintiff five promissory notes each for the sum of one hundred dollars with interest, and payable in one, two, three, four, and five years. To secure the payment of these notes, the defendant and wife executed a mortgage upon the following described real estate, to-wit: Commencing at the north-west corner of the south-west quarter of the the south-east quarter of section seventeen, in town two north, of range seven east; thence running east seventeen rods, 22 1–5 links; thence south seventeen rods, 22 1–5 links; thence west seventeen rods, 22 1–5 links; thence north seventeen rods, 22 1–5 links to place of beginning, containing about two acres. The land is situated in or near the town of Blue Springs, and at the time the mortgage was given and now contains a dwelling-house and was worth from $500 to $800. The first note was paid in full and a considerable sum on one of the others with a portion of the interest. In February, 1878, the plaintiff commenced an action in the district court of Gage county to foreclose the mortgage, alleging that there was due thereon the sum of $142.90 with interest from January 4th, 1878. The defendants having removed from the state, an affidavit for constructive service upon them was filed and service had by publication. Notice by publication was duly made and a decree of foreclosure in proper form was duly rendered. Objections to the affidavit for publication and the notice will be considered hereafter. An order of sale was issued in which the premises were described as follows: "Commencing at the north-west corner of the south-west quarter of the south-east quarter of section seventeen, in town two north, of range seven east; thence running east seventeen rods, 22 1–5 links; thence south seventeen rods, 22 1–5 links; thence *north* seventeen rods, 22 1–5 links to the place of beginning." This mistake

is found in the notice of sale, appraisement, return of the officer, and all the proceedings, including the first deed from the officer to Fouts. The plaintiff then took possession of the mortgaged premises, and has retained the possession ever since. In February, 1882, the plaintiff commenced an action by attachment against the defendant, Henry P. Mann, in the district court of Gage county, and caused certain property of Mann to be attached, upon the ground that he was a non-resident of the state.

To this action the defendant filed an answer, wherein, *first*, he alleges payment of one of said notes; *second*, that the defendant, in 1875, purchased the premises in question from the plaintiff for the sum of $700, $200 of which was paid in cash, and five notes for one hundred dollars each secured by mortgage on the premises were given for the balance, and that the notes sued on are a portion of said notes; that defendant paid the first of said notes and the interest on the remainder, and in addition $100 to apply on said indebtedness. The defendant then sets out the proceedings for the foreclosure of the mortgage, and the sale of the premises to the plaintiff thereunder, and claims that such proceedings are void, and asks that an account may be taken and the defendant be permitted to pay the amount due upon said mortgage. The plaintiff alleges that the second count of the answer does not constitute a counter-claim because it does not arise out of the contract or transaction set forth in the petition.

Sec. 101 of the code provides that the counter-claim must be one arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim or connected with the subject of the action.

There is no doubt the defense set up in the second count of the answer arises out of the transaction set forth in the petition as the cause of action, and is a valid counter-claim. *Smith v. Fife,* 2 Neb., 10. *Allen v. Shackleton,* 15 Ohio State, 145. *Goebel v. Hough,* 26 Minn., 252. *Orton v.*

*Noonan*, 30 Wis., 611. *McArthur v. Canal Co.*, 34 Id., 139. *Ainsworth v. Bowen*, 9 Id., 348. *Norris v. Thorpe*, 65 Ind., 57.

2. Objection is made to the affidavit for service by publication. It is as follows, omitting the title:

"State of Nebraska, ⎱
   Gage County. ⎰

"Alfred Hazlett, being first duly sworn, upon his oath says that he is one of the attorneys for plaintiff in the above entitled action, duly authorized in the premises; that on the sixth day of February, 1878, said plaintiff in the above case filed his petition in the said court against said defendants to recover the sum of $142.90, with interest at 10 per cent from fourth of July, A.D. 1878, amount due on prommissory note and interest as set forth in said plaintiff's petition, and asking that the mortgage described in plaintiff's petition be foreclosed, the said premises ordered sold, and the proceeds applied to the payment of said debt; said mortgage given on a certain plat or parcel of land containing two acres, more or less, described as follows: Commencing at the north-west corner of south-west quarter section 17, town 2 n., range 7 east, thence running east 17 rods, 22 1-5 links; thence south 17 rods, 22 1-5 links; thence west 17 rods, 22 1-5 links; thence north 17 rods, 22 1-5 links to place of beginning. The object of above action is to foreclose the above mortgage on above described real estate.

"The defendants, Henry P. Mann and Maria T. Mann, are non-residents of the state of Nebraska, and service of summons cannot be made upon them within the state of Nebraska, and plaintiff asks that service of publication may be had in above entitled cause, and for this purpose this affidavit is made by affiant.

"ALFRED HAZLETT.

"Sworn to and subscribed in my presence this seventh day of Feb'y, A.D. 1878.

"CHAS. O. BATES,

"[L. S.]                              *Notary Public.*"

Sec. 51 of the code provides that actions for the sale of real property under a mortgage lien or other incumbrance or charge shall be brought in the county in which the subject of the action is situated, except as provided in section 52, which refers to an entire tract situated in two or more counties, or separate tracts situated in two or more counties.

Sec. 77 provides for service by publication in actions brought under the provisions of sections 51 and 52, etc.

Sec. 78 provides that, "before service can be made by publication an affidavit must be filed that service of a summons cannot be made within this state on the defendant or defendants to be served by publication, and that the case is one of those mentioned in the preceding section. When such affidavit is filed the party may proceed to make service by publication."

It will be seen that two essential facts are to be stated in the affidavit. *First,* That service of a summons cannot be made within the state on the defendant or defendants to be served by publication. *Second,* The character of the action, so that it may appear that it is one in which service by publication may be made. If the affidavit shows that the action is one in which service by publication may be made, and that service cannot be had upon the defendant within the state, it is sufficient.

In *Atkins v. Atkins,* 9 Neb., 191, the action was for divorce, and it was stated in the affidavit "that this cause is one mentioned in section No. 77 of title V. of the Revised Statutes as amended." The section referred to relates wholly to property, and the affidavit was held insufficient to authorize publication in an action for *divorce.*

In *Shields v. Miller,* 9 Kas., 390, it was not stated in the

affidavit that service of summons could not be made on the defendants within the state of Kansas.

In *Slocum v. Slocum*, 17 Wis., 150, it was held that the facts stated in the affidavit did not authorize service by publication.

In *Forbes v. Hyde*, 31 Cal., 342, the affidavit was filed about four months before the order for service by publication was made, and it was held insufficient because it did not appear that personal service could not be made on the defendant when the order for publication was made. But the affidavit in this case is not open to any of these objections.

Considerable stress is laid upon the use of the word "them," in the affidavit referring to Mann and wife. The word " them," following as it does the names of the defendants, Henry P. Mann and Maria T. Mann, cannot be mistaken, and is equivalent to saying that service could not be made on Mann and wife within the state.

But it is said that the affidavit is defective because it does not appear that the land is situated in Gage county, as neither the principal meridian nor county is stated. Land of the description here given is within Gage county, and where such is the case, the presumption is, such is the land referred to. This question was before this court in *Butler v. Davis*, 5 Neb., 521, where neither the county, nor state were designated, the deed being made in the state; and it was held that it would be presumed that the description referred to lands in this state. *Harding v. Strong*, 42 Ill., 149. This objection, therefore, is untenable.

It is claimed that the notice is invalid because it was published five consecutive weeks instead of four as required by the statute, but this extended publication was favorable to the defendants as it increased the probabilities of their acquiring actual notice of the pendency of the action. It was good service for four weeks, although the fifth publication was unnecessary. The objection therefore is not well taken.

The next objection is that the decree of foreclosure was never signed or approved by the judge. That the decree was actually rendered is not questioned, and where such is the case, the failure of the judge to sign the decree or record does not render it illegal or void.

A more serious question arises as to the description of the premises in the order of sale, appraisement, return of the officer, and the first deed made to the purchaser, the description being, and all that was offered for sale and sold, was as follows: Commencing at the north-west corner of the south-west quarter of the south-east quarter of section 17, in town 2 north, of range 7 east; thence running east 17 rods and 22 1–5 links; thence south 17 rods, 22 1–5 links; thence *north* 17 rods, 22 1–5 links to place of beginning. To what extent such a description could be sustained in favor of a *bona fide* purchaser it is unnecessary to enquire, this being an action between the original parties. The land was sold for about one-half of the original purchase price, and after about one-half of the purchase money had been paid. Surely in offering the premises for sale, they should have been described so that a third party purchasing would have been assured that he was obtaining the mortgaged premises. Of this he had no assurance under the order of sale and notice. This doubtless prevented all competition, and permitted the plaintiff to purchase at his own price. The failure to describe the premises doubtless was a mistake, but the effect of it was to prevent a fair sale, and thereby to that extent deprive the defendants of the property and to benefit the plaintiff.

This being so, we think the defendants have shown sufficient facts to entitle them to redeem the premises. And as that was the decree of the court below, it is affirmed.

DECREE AFFIRMED.

THE other judges concur.