JAMES BRITTON, PLAINTIFF IN ERROR, v. G. L. LARSON, DEFENDANT IN ERROR.

1.   Service by Publication:   JURISDICTION.   In an affidavit for service by publication, if there is a total want of evidence upon a vital point, the court will acquire no jurisdiction by publication of the notice.   But where there is not an entire omission to state a material fact, but it is insufficiently set forth, the proceedings are merely voidable.

2.   ———:   DEFECTIVE AFFIDAVIT.   Where proof of service by publication in a foreclosure case has been made by affidavit which is defective, the court, in furtherance of justice, may, after the decree and sale thereunder, permit an additional affidavit to be filed, showing the actual facts as to such publication.

ERROR to the district court for Wayne county.   Tried below before CRAWFORD, J.

*Frank M. Northrop* and *A. C. Wakeley*, for plaintiff in error, cited: Freeman Judgments, Secs. 123, 127. *Thatcher v. Powell*, 6 Wheat., 119. *Gray v. Larrimore*, 4 Sawyer, 638. Wade on Notice, Secs. 1029, 1031. *King v. Harrington*, 14 Mich., 532. *Cissell v. Pulaski County*, 10 Fed. Rep., 893. *Sioux City & P. R. Co. v. Washington County*, 3 Neb., 41. *Spiers v. Halstead*, 71 North Carolina, 209.

*C. C. McNish, Hopewell & Dickinson*, and *A. A. Welch*, for defendant in error, cited : *Fulton v. Levy*, 21 Neb., 478. *McCormick v. Paddock*, 20 Id., 486. *Fouts v. Mann*, 15 Id., 172. *Carey v. Reeves*, 32 Kan., 718. *Grebe v. Jones*, 15 Neb., 315. *Gillespie v. Thomas*, 23 Kan., 138. *O'Brien v: Gaslin*, 20 Neb., 347. *Taylor v. Courtnay*, 15 Id., 190. *Foreman v. Carter*, 9 Kan., 674.

REESE, CH. J.

This was an action of ejectment brought by plaintiff in error against defendant in error, to recover the northeast quarter of section number twenty-nine, in township number twenty-five north, of range four east, in Wayne county. A trial in the district court resulted in a verdict in favor of defendant, upon which judgment was rendered. Plaintiff brings the case into this court by proceedings in error.

It appears from the record that, in the month of April, 1875, and prior thereto, one Harry Brownson was the owner of the real estate in question; that prior to that time, to-wit, on the 8th day of March, 1871, for the purpose of securing a promissory note for the sum of $238, due to the First National Bank of Omaha, six months after its date, Harry Brownson and Jennie Brownson (his wife) executed and delivered to the said First National Bank a mortgage on said real estate. On the 16th day of

April, 1875, a summons was issued to the sheriff of Wayne county directing him to notify the said Harry Brownson and Jennie Brownson of the institution of the action for the foreclosure of the mortgage referred to. The record seems to leave in doubt the date of the commencement of the action, but it is shown that the petition was sworn to by the attorney for the plaintiff in the action, on the 28th of July, 1874. The suit was instituted in the name of the First National Bank of Omaha, Nebraska, as plaintiff, against Harry Brownson and Jennie Brownson. The summons was returned on the day of its issue, not served, the defendants not being found in the county of Wayne. On the next day an affidavit, showing the non-residence of the defendants Brownson, was filed, and service was had by publication. On the 24th of August of the same year, a decree of foreclosure was rendered, and the land ordered to be sold to satisfy the amount found due upon the note of Harry Brownson. The land was sold, under the order of court, to plaintiff in that action, and on the 20th day of September, 1876, the sale was confirmed and the sheriff was directed to execute the usual deed to the purchaser, which was done. There is no question as to the chain of title of defendant Larson, under this decree. The record shows the issuance of the patent by the United States, conveying the land to Harry Brownson, his mortgage to the bank, the foreclosure proceedings, the purchase of the land at sheriff's sale by the bank, and its warranty deed to Larson.

On the 18th day of February, 1885, Harry Brownson and wife conveyed the real estate to plaintiff herein, by quit-claim deed, for the consideration, as expressed therein, of one dollar. It is insisted by plaintiff that the district court had no jurisdiction to render the decree of foreclosure. This contention is based upon the alleged defect in the affidavit showing the non-residence of the Brownsons, upon which service by publication was made, and

also upon the alleged defect of the proof of the publication of the notice filed in that court, prior to the rendition of the decree. The affidavit of non-residence is as follows:

"STATE OF NEBRASKA, } ss.
 DAKOTA COUNTY. }

"Thomas L. Griffey, being duly sworn, says that he is the attorney for the plaintiffs in the above entitled cause; that on the 16th day of April, A D. 1875, he filed in the district court for Wayne county, Nebraska, a petition against the said Harry Brownson and Jennie Brownson, defendants, praying that the said plaintiffs recover of the said defendants a judgment for the sum of $113.28, due on promissory note given by said defendant, Harry Brownson, to said plaintiffs, and allowance for attorney fee, and asking for the foreclosure of a certain mortgage given by said defendant to said plaintiffs to secure the payment of said note. That the said defendants are non-residents of the state of Nebraska, and that service by summons cannot be made upon them.

"And the said plaintiffs wish to obtain service by publication.

"THOS. L. GRIFFEY.

"Subscribed and sworn to before me this 17th day of April, 1875.

"W. C. McBEACH.
"*Clerk of the District Court.*"

The objections to this affidavit are: *First,* That it does not show the property mortgaged, and over which the jurisdiction was said to be obtained, was situated in Wayne county, or in the state of Nebraska, and there was no attempt to describe it. *Second,* It does not show the defendants could not be served with summons within the state, and therefore does not comply with the requirements of sections 77 and 78 of the civil code, and hence the proceedings under it were void.

It will be observed that the reference to the mortgage

contained in the affidavit is, that the action is for the recovery of the judgment on the note, and "for the foreclosure of the certain mortgage given by said defendants to said plaintiffs to secure the payment of said note."

Sec. 77 of the civil code, which has often been construed by this court, provides when service by publication may be had, the first of which is, " in actions brought under the fifty-first, fifty-second, and fifty-third sections of this code, where any or all of the defendants reside out of the state."

The fifty-first section of the code, referred to in section 77, provides for the "sale of real property, under a mortgage lien or other incumbrance or charge."

It is provided by section 78 of the code that, before service can be made by publication, an affidavit must be filed that service of summons cannot be made within this state, on the defendant or defendants, to be served by publication, and that the case is one of those mentioned in section 77. The question here presented is, do these facts sufficiently appear by the affidavit?

It is alleged that the affidavit is defective, because it fails to state that the mortgaged property was in Wayne county, where the action was brought. This question was before this court in *Grebe v. Jones*, 15 Neb., 312, and it was held that an affidavit which states that service of summons cannot be made within the state on the defendant to be served by publication, and facts bringing the case within section 77 of the code, is sufficient, without referring to that section.

In *Fouts v. Mann*, 15 Neb., 172, it was held that, if land of the description given is within a county where an action is commenced to foreclose a mortgage thereon, the omission of the name of the county or principal meridian in the affidavit and notice is not fatal.

In *McCormick v. Paddock*, 20 Neb., 486, the court say: "An affidavit for service by publication is sufficient if it

states the nature of the cause of action for which publication may be made, and that service of summons cannot be made upon the defendant or defendants within the state. *Fouts v. Mann*, 15 Neb., 172. And it is not necessary that the statement, that service of summons cannot be made upon the defendant in the state, be made in the language of the statute. If the fact is made to appear by the affidavit, it is sufficient."

In *Carey v. Reeves*, 5 Pac. Rep., 22, the supreme court of Kansas, in construing a section of the code similar to that of this state, say: "The affidavit states that the said defendant has removed from the said county of Shawnee, and now resides in that region of country known as Pike's Peak, and that service of summons cannot be made on said defendant within this territory. When this affidavit was filed, is not shown. It is alleged that the action was commenced on January 17, 1861, and the affidavit shows that the petition was filed on the —— day of January, 1861. But there is nothing to show when the affidavit was, in fact, filed. If it was filed prior to January 29, 1861, the region of country known as Pike's Peak, or a portion thereof, was in Kansas; but if the affidavit was filed after January 29, 1861, then such region was not in Kansas, and no part thereof was in Kansas. And it devolves upon the plaintiff to show clearly and affirmatively when this affidavit was filed; or, in other words, to show clearly and affirmatively that the facts were such that the district court could not have had jurisdiction to render the judgment, which it did render, in the reformatory and foreclosure action. As the district courts of this state are courts of general and superior jurisdiction, it will be presumed, in the absence of any showing to the contrary, that they possessed all the jurisdiction that was necessary for them to possess, in order to render the judgment or order which, it is shown, they in fact did render. All presumptions are in favor of the jurisdiction of the court. In this case, if it

were necessary to presume that the affidavit was filed at a time when no part of the region of country known as Pike's Peak was in Kansas, it will be so presumed."

The true rule seems to be as stated in *Atkins v. Atkins,* 9 Neb., 200, that, "If there is a total want of evidence upon a vital point in the affidavit, the court acquires no jurisdiction by publication of the summons; but where there is not an entire omission to state some material fact, but it is insufficiently set forth, the proceedings are merely voidable." *Forbes v. Hyde,* 31 Cal., 342. *Slocum v. Slocum,* 17 Wis., 150. Tried by this rule, the affidavit is clearly sufficient to give the court jurisdiction.

Objection is made to the affidavit of proof of publication, which is in the following form:

### "PROOF OF PUBLICATION.

"I, John T. Spencer, being duly sworn according to law, do say that I am one of the publishers of the *Dakota Mail,* a weekly newspaper published in Dakota City, Dakota county, state of Nebraska, and having a circulation in said county and elsewhere, and the notice hereunto attached has been published in said paper for five successive weeks, the last publication being on the 14th day of May, 1875.

"JOHN T. SPENCER.

"Sworn to and subscribed before me this 20th day of August, 1875.

"KELLEY M. FRAZER,
"*Probate Judge.*"

In 1885, a motion to amend the proof of service by publication was made in the district court of Wayne county, which motion was sustained; whereupon an amended affidavit was filed as additional proof of publication, the objections to it being that such proof was incompetent, irrelevant, and immaterial. These objections were properly overruled. While the code requires proof by

affidavit to be filed within six months after the event sought to be proved, yet such restriction does not prohibit the court, when in furtherance of justice, from permitting additional proof to be filed to establish the actual facts in a case. This rule was applied in *Kirkwood v. Reedy*, 10 Kan., 453, where it was held that an officer might amend a return to process to conform to the facts when in furtherance of justice, even long after the rendition of the judgment. See also Maxw. Pl. and Pr. (4th Ed.), 178. Proof of publication of notice, in an action of foreclosure, is similar in its nature to proof of service of a summons, and we see no reason why the rule which permits the amendment of a return should not be applied to proof of service by publication. The court, therefore, properly permitted amendment of proof of service to be made and filed.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.