## State, ex rel. Bartlett Richards, v. Martin Gayhart.

[Filed March 9, 1892.]

1. **Tax Sale:** Notice of Redemption. Under the revenue law of this state, notice of the time when the redemption of real estate sold at tax sale will expire, must be given at least three months prior to the expiration of two years from date of sale, to entitle the holder of the tax certificate to a treasurer's deed. Where such notice is published in a newspaper, it must be inserted at least three times, the first publication not more than five months, and the last not less than three months, before the time fixed by statute for redemption expires.

2. ———: ———: A Peremptory Mandamus will not issue against a county treasurer to compel the execution of a tax deed, where the holder of a tax certificate has failed to comply with the requirements of the statute relating to the giving of notice to redeem.

Original application for *mandamus*.

*Albert W. Crites*, for relator, cited: *Ganet's Appeal*, 33 Pa. St., 94; *Coxe v. Wolcott*, 27 Id., 154; *Steiner v. Coxe*, 4 Id., 26; *Rogers v. Johnson*, 70 Id., 224; Blackwell on Tax Titles [5th Ed.], secs. 716, 717; *Oullahan v. Sweeney*, 79 Cal., 537; *Broughton v. Journeay*, 51 Pa. St., 31; *Tug River Coal Co. v. Brewer*, 15 S. W. Rep. [Ky.], 1117; *Kinsworthy v. Austin*, 23 Ark., 375; *Corning v. Davis*, 44 Ia., 622; *Wright v. Sperry*, 21 Wis., 331; *Torrington v. Rickershauser*, 41 Kan., 486; *Hicks v. Nelson*, 45 Id., 47; *People v. Cady*, 6 N. Y. Sup., 546.

*Hugh T. Conley*, for respondent, cited: *Davis v. Huston*, 15 Neb., 31; Comp. Stats. 1889, ch. 77, secs. 123, 142; *Zahradnicek v. Selby*, 15 Neb., 582; Cooley on Taxation, 323, 324.

NORVAL, J.

This is a proceeding in *mandamus* to compel the respondent, Martin Gayhart, county treasurer of Sioux county, to execute and deliver to the relator a tax deed for lots 1, 2, 3, and 3, in section 3, township 28 north, of range 54 west. The cause is submitted on a general demurrer to the relation.

It appears from the petition that the above described real estate was purchased on the 5th day of November, 1888, by Bartlett Richards, the relator, of the ·county treasurer of said county, for the unpaid delinquent taxes thereon assessed for the year 1887, and received from the respondent a tax certificate of the sale of said real estate; that said lands were owned by and assessed in the name of one Carl Holstein, who, not being found in the county and his whereabouts not being known to relator, no personal notice of the time to redeem from said tax sale could be made upon Holstein, but notice that the time to redeem said lands from said tax sale would expire on 5th day of November, 1890, was published in the *Sioux County Herald*, on the 7th day of June, 1890, on the 5th day of July, 1890, and on the 9th day of August, 1890. Subsequently another notice was published in said newspaper for three successive weeks, the last publication having been made on December 27, 1890, that the time to redeem from said tax sale would expire on April 5, 1891. Shortly after said last-named date and again on December 31, 1891, said real estate remaining unredeemed, the relator produced to the respondent the tax certificate of sale and the proofs of publication of both of said notices, and demanded that he make and deliver to relator a tax deed for said lands, which demand was not complied with.

The respondent bases his refusal to execute a deed solely upon the ground that the relator has not complied with the provisions of the statute relating to the giving of notice by

16

the tax purchaser of the expiration of the time to redeem from the tax sale.

Section 119 of the revenue law gives two years after the date of the sale of lands for taxes for redemption. Section 123 of the same law provides that "Hereafter no purchaser, or assignee of such purchaser, of any land, town, or city lot, at any sale of lands or lots for taxes or special assessments due either to the state or any county or any incorporated town or city within the same, or at any sale for taxes or levies authorized by the laws of this state, shall be entitled to a deed for the lands or lots so purchased, until the following conditions have been complied with, to-wit: Such purchaser or assignee shall serve, or cause to be served, a written or printed or partly written and partly printed notice of such purchase on every person in actual possession or occupancy of such land or lot, and also the person in whose name the same was taxed or specially assessed, if upon diligent inquiry he can be found in the county, at least three months before the expiration of the time of redemption on such sale, in which notice he shall state when he purchased the land or lot, in whose name taxed, the description of the land or lot he has purchased, for what year taxed or specially assessed, and when the time of redemption will expire. If no person is in actual possession or occupancy of such land or lot, and the person in whose name the same was taxed or specially assessed, upon diligent inquiry, cannot be found in the county, then such person or his assignee shall publish such notice in some newspaper printed in such county, and if no newspaper is printed in the county, then the nearest newspaper, that is published in this state, to the county seat of the county in which such land or lot is situated; which notice shall be inserted three times, the first time not more than five months, and the last time *not less* than three months before the time of redemption shall expire."

It is obvious that the relator has not complied with the

above plain requirements of the statute. The last publi-
cation of the first redemption notice was on August 9, 1890,
which was less than three months prior to the expiration of
two years from the date of the tax sale. Each publication
of the second notice was made after the time fixed by stat-
ute for redemption had expired. Both notices, therefore,
were unauthorized and void. (*Hendrix v. Boggs*, 15 Neb.,
469; *Zahradnicek v. Selby*, Id., 579; *Seaman v. Thompson*
16 Id., 546; *Lammers v. Comstock*, 20 Id., 341.)

The provisions of section 123 of the revenue law relat-
ing to the time and manner of giving notice are mandatory,
and must be substantially complied with, or the holder of
the tax certificate will not be entitled to a treasurer's deed
for the lands therein described. The production of the
tax certificate to the treasurer, together with proof that
proper notice of the expiration of the time to redeem has
been legally given, are conditions precedent to the right of
the treasurer to execute a tax deed. Had one been issued
in this case it would have been invalid.

It is a well recognized rule of law that a peremptory
*mandamus* will only issue against a public officer to enforce
the performance of a present duty imposed upon him by
law, where he is in default of the discharge of such duty.
Applying this principle to the case at bar it is clear that
the relator is not entitled to the relief demanded. The
demurrer is sustained and the action

DISMISSED.

THE other judges concur.