MARGARET GOMBERT ET AL., APPELLANTS, V. MARY J. LYON ET AL., APPELLEES.

FILED JULY 13, 1904.          No. 13,581.

1. **Occupying Claimant.** Where an occupying claimant is allowed for valuable and lasting improvements made while in possession, the measure of his recovery is the amount the real estate increased in value by reason of such improvements, and not the cost of making the same. *Lothrop v. Michaelson*, 44 Neb. 633, followed and approved.

2. **Evidence** examined, and *held* insufficient to sustain the trial court.

APPEAL from the district court for Nuckolls county: GEORGE W. STUBBS, JUDGE.  *Reversed.*

*J. H. Broady* and *Cole & Brown*, for appellants.

*L. C. Burr*, contra.

OLDHAM, C.

This is a supplemental proceeding under the occupying claimant's act to determine the value of the improvements on a half section of land situated in Nuckolls county, Nebraska. The case was before this court on its merits and the title quieted in the appellants, in the case of *Lyon v. Gombert*, 63 Neb. 630. After the judgment of this court quieting the title in the present appellants, appellees filed a supplemental petition, asking in substance to have the value of the improvements placed on the premises determined under the provisions of the occupying claimant's act, chapter 63, Compiled Statutes (Annotated Statutes, 10259-10269). Proper orders were made by the district court on this application, appraisers were appointed as provided by the act, and returned the following findings:

"The undersigned appraisers respectfully report that in pursuance of the instructions of this court, we did on the 30th and 31st days of July, 1903, make the following appraisement as per your instructions in the above entitled cause:

| | |
|---|---:|
| 200 acres of breaking on the north half of 14-3-8.. | $400.00 |
| House on said land......................... | 60.00 |
| Stable on said land......................... | 60.00 |
| 300 rods of wire fence on said land........... | 50.00 |
| Total improvements ...... .............. | $570.00 |
| Net value of rents and profits under your order | $2,540.00 |
| Less value of improvements above mentioned.. | 570.00 |
| Balance..... .. .... .. .... .............. | $1,970.00 |

Value of said land in 1893, $4,000.00.
Value of said land in 1903, $7,500.00."

Objections were filed to this report by the appellees, for the reason, among other things, that the appraisers did not appraise and fix the amount the real estate was increased in value, by reason of the improvements placed upon said land by the objectors. The court overruled these objections and entered judgment on the findings of the appraisers without any other testimony being produced, and allowed the appellees a credit of $3,500 for the increased value of the land between 1893 and 1903, as shown by the report of the appraisers, and to reverse this action the landowners have appealed the case to this court.

It is urged by the appellants that the occupying claimants are only entitled to the actual value of the improvements placed upon the land by them, and that this is the full measure of their recovery; that this court should, from the report of the appraisers, make a finding allowing the claimants $570 as shown by the report of the appraisers, and charge them with rents and profits in the sum of $2,540, and either render a judgment here, or direct a judgment to be rendered by the lower court on reversal, for $1,970 in favor of appellants.

It is contended on the contrary by the appellees, that there is sufficient evidence in the report of the appraisers to uphold the judgment of the district court in awarding the occupants the $3,500 as the increase in the value of the real estate, which was occasioned by their cultivation and improvement of the premises. We cannot fully agree with either of these contentions; for the rule is well established in this state, that "Where an occupying claimant is allowed for valuable and lasting improvements made while in possession, the measure of his recovery is the amount the real estate increased in value by reason of such improvements, and not the cost of making the same." *Lothrop v. Michaelson,* 44 Neb. 633.

We think, under this rule, that the report of the appraisers should have been set aside, or that the court should have directed the appraisers to supplement their report with a finding not only as to the value of the land in

its unimproved state, but as to its enhanced value, if any, by reason of the improvements erected thereon by the occupants. The report before us plainly indicates that the appraisers were attempting to fix the actual cost of the improvements placed on the land, and this, standing alone, is not sufficient evidence on which to make a finding as to the enhancement of the value of the land by reason of the improvements. They have also found, as they should have done, the value of the land in its unimproved condition in the year 1893, the time the action began, and they found the value of the land and improvements in the year 1903; but as to how much the value of the land has increased by reason of the general rise in land values in that county, and how much, if any, of its increased value is due to the improvements and cultivation of it by the occupant, we are without competent testimony before us to make a proper finding.

We therefore recommend that the judgment of the district court be reversed, and the cause remanded for further proceedings.

AMES, C., concurs. LETTON, C., not sitting.

By the Court: For the reasons stated in the foregoing opinion, it is recommended that the judgment of the district court be reversed and the cause remanded for further proceedings.

REVERSED.