CHARLES P. BRESEE, APPELLANT, V. FRANK SEBERGER,
APPELLEE.

FILED FEBRUARY 28, 1911.    No. 16,321.

1. **Process:** CONSTRUCTIVE SERVICE: PROOF OF SERVICE. "Where proof
of service by publication in a foreclosure case has been made by
affidavit which is defective, the court, in furtherance of justice,
may, after the decree and sale thereunder, permit an additional
affidavit to be filed, showing the actual facts as to such publica-
tion." *Britton v. Larson,* 23 Neb. 806.

2. **Mortgages:** FORECLOSURE: DECREE: COLLATERAL ATTACK. The ques-
tion as to whether or not a mortgage in process of foreclosure is
by its terms barred by the statute of limitations is one which
goes to the existence of a cause of action, and not to the juris-
diction of the court; and, where it appears that the court had
jurisdiction of the necessary parties to such foreclosure proceed-
ing, its decree entered therein, though erroneous, is not subject
to collateral attack.

3. **Evidence:** ABSTRACT OF TITLE. An abstract of title received in
evidence without objection is competent proof of the execution
and recording of a deed as therein recited.

APPEAL from the district court for Rock county: JAMES
J. HARRINGTON, JUDGE. *Affirmed.*

*A. M. Morrissey,* for appellant.

*J. A. Douglas, contra.*

FAWCETT, J.

Plaintiff brought suit in ejectment in the district court
for Rock county to recover the possession of the northwest
quarter of section 32, township 29, range 17, in said
county, and for rents and profits. The petition does not
set out the chain of title but alleges simply that the plain-
tiff is the owner of the title in fee simple and entitled to
the immediate possession of the land. The answer con-
tains, first, a general denial, and then alleges that defend-

ant became the owner of the land through the foreclosure of a mortgage executed by Frank P. Bushnell, the original owner under patent from the government. Defendant prevailed, and plaintiff appeals.

The record shows that, after the execution of the mortgage by Bushnell, he conveyed the land to one Lay, who conveyed it to Frank Lyman, who conveyed to Charles P. Lyman; the deed to Charles P. bearing date April 19, 1888, and recorded June 25, 1888. Plaintiff claims under an unrecorded deed from Charles P. Lyman and wife, executed to plaintiff August 19, 1908, for a consideration of $10, and also under an unrecorded quitclaim deed from one T. A. Thompson, who, so far as the record shows, never had any title. In the foreclosure suit Frank Lyman and Charles P. Lyman were both made defendants, and, they being nonresidents, service upon them was had by publication. Plaintiff contends that the mortgage foreclosure proceedings under which defendant obtained his sheriff's deed were void by reason of a defective proof of publication of service upon the Lymans. This contention is disposed of by the evidence that, something like two months prior to the time of the trial of this case, defendant filed an amended and corrected proof of publication in the foreclosure suit, which, after due notice to plaintiff, was examined and approved by the court and made a part of the record in that case. The proof thus furnished shows that the notice was in fact published the required length of time, and completely establishes the sufficiency of the service upon the Lymans. That this practice is proper was fully settled in *Britton v. Larson*, 23 Neb. 806. We there held: "Where proof of service by publication in a foreclosure case has been made by affidavit which is defective, the court, in furtherance of justice, may, after the decree and sale thereunder, permit an additional affidavit to be filed, showing the actual facts as to such publication." In that case the foreclosure suit was commenced in July, 1874; decree entered the following month, and the sale confirmed and a deed ordered September 20,

1876. In 1885, nine years after the confirmation of the sale, a motion to amend the proof of service by publication was sustained, and the action of the district court in permitting such amendment was affirmed. No other defect in the foreclosure proceedings under which defendant obtained title having been pointed out, it follows that all right, title and interest of the Lymans, under whom plaintiff claims title, had been foreclosed more than six years prior to the time plaintiff obtained his alleged title under the unrecorded deeds above referred to.

Plaintiff contends that the mortgage was, by its terms, barred at the time the foreclosure suit was commenced, and that, therefore, defendant could not gain any rights against Lyman or his grantee, the plaintiff, in that proceeding, and that the court erred in excluding certain evidence offered in support of that proposition. The trouble with plaintiff's contention is that the fact which he sought to prove by his offer was one that went to the existence of a cause of action, and not to the jurisdiction of the court to enter the decree of foreclosure. If the court erred in its judgment, that error should have been corrected on appeal. The judgment cannot now be assailed collaterally.

Objection is made by plaintiff that no sufficient foundation was laid for the introduction by defendant of his sheriff's deed, in that he offered the record of the deed instead of producing the original. It is unnecessary to discuss this question, for the reason that an abstract of title, offered by defendant and received without objection, shows the issuance of the sheriff's deed to defendant February 24, 1902, and the filing of the same for record June 23, 1902. There is, therefore, no merit in plaintiff's contention.

The judgment of the district court is

AFFIRMED.