THOMAS J. L. PECK, APPELLANT, V. GARFIELD COUNTY ET
AL., APPELLEES.

FILED FEBRUARY 28, 1911.   No. 16,327.

Taxation: TAX DEED: VALIDITY. A tax deed, issued in April, 1904,
without an affidavit showing the service of a notice to redeem,
as required by section 124, art. I, ch. 77, Comp. St. 1901, having
been first filed with the county treasurer, is void.

APPEAL from the district court for Garfield county:
JAMES R. HANNA, JUDGE. *Reversed with directions.*

*Clements Bros.* and *C. A. Davis,* for appellant.

*E. M. White* and *H. A. Robbins,* contra.

FAWCETT, J.

Plaintiff brought suit in the district court for Garfield
county to redeem from a private tax sale of the southwest
quarter of section 32, township 22, range 14, in said
county.   Issues were joined, and from a decree dismissing
plaintiff's suit for want of equity, and quieting defend-
ants' title to the lands in controversy, plaintiff appeals.

A number of questions are argued in briefs of counsel,
but, as one of the points discussed is decisive of the case,
the others will not be considered.   The land was sold by
the treasurer, at private sale, to J. R. Ratcliff on March
25, 1902, for the delinquent taxes for the years 1899 and
1900.   The tax sale certificate was assigned by Ratcliff to
P. P. Scott January 16, 1904.   November 5, 1903, prior
to the assignment, Ratcliff prepared and signed a notice
to redeem and deliver it to F. M. Key, who at that time
was sheriff of Garfield county, for service.   The proof of
service was made by Mr. Key, not by affidavit as required
by statute, but in an ordinary form of return as sheriff.
Upon this proof of service alone the treasurer on April 1,
1904, issued to P. P. Scott, assignee of Ratcliff, a tax deed.
On July 1, 1905, P. P. Scott and wife conveyed the land

by quitclaim deed to defendant H. A. Obert. In October, 1906, plaintiff tendered to the treasurer the sum of $80 to redeem, which sum the treasurer testifies was sufficient to cover all taxes, interest, costs and penalties of the tax sale. The treasurer refused to receive the money and permit a redemption for the reason that a tax deed had been issued. Some contention is made by defendants that plaintiff is not the owner of the land, and therefore is not entitled to prosecute this suit, but that contention must fail, as the only competent evidence on the question is that, at the time of the tax sale and at the time of the issuance of the tax deed, plaintiff was the equitable owner of the land and in possession of the same under a verbal contract of purchase from one Warren Prentice, who during all of those times was the record owner of the title. Plaintiff also introduced in evidence a quitclaim deed from Warren Prentice and wife to him, dated August 18, 1906, and testified that he obtained this quitclaim deed by sending Prentice the balance of the money.

. The statute in force at the time the tax sale was made and tax deed issued was the revenue law of 1879, which without change appears as section 123, art. I, ch. 77, Comp. St. 1901, which provided among other things: "Hereafter no purchaser or assignee of such purchaser of any land, town or city lot, at any sale of lands or lots for taxes or special assessments due, either to the state or any county or any incorporated town or city within the same, or at any sale for taxes or levies authorized by the laws of this state, shall be entitled to a deed for the lands or lots so purchased, until the following conditions have been complied with, to wit: Such purchaser or assignee shall serve or cause to be served a written or printed or partly written and partly printed notice of such purchase on every person in actual possession or occupancy of such land or lot, and also the person in whose name the same was taxed or specially assessed, if upon diligent inquiry he can be found in the county, at least three months before the expiration

of the time of redemption on such sale, in which notice he shall state when he purchased the land or lot, in whose name taxed, the description of the land or lot he has purchased, for what year taxed or specially assessed, and when the time of redemption will expire." Section 124 provided: "Every such purchaser or assignee by himself or agent, shall, before he shall be entitled to a deed, make an affidavit of his having complied with the conditions of the foregoing section, stating particularly the facts relied on as such compliance, which affidavit shall be delivered to the person authorized by law to execute such tax deed, to be by such officer entered on the records of his office, and carefully preserved among the files of his office, and which record or affidavit shall be *prima facie* evidence that such notice has been given. Any person swearing falsely in such affidavit shall be deemed guilty of perjury, and punished accordingly." In this case no affidavit of service of the notice required by section 123 was made by either the holder of the tax certificate or by any one as his agent, nor was any record produced showing that any such affidavit had been filed; so that the only proof of service of the notice required by section 123 in the hands of the county treasurer when he executed the tax deed was the unsworn statement of Mr. Key, in the form of a sheriff's return. At that time the law did not authorize the sheriff, in his official capacity, to serve a private notice of redemption; hence, there was no authority for him to act officially in the performance of such an act. When Mr. Ratcliff placed his notice of redemption in the hands of Mr. Key he made him, personally, his agent to serve such notice, and the duty rested upon him to see that his agent filed an affidavit of service precisely as he would have had to do had he made the service himself. The unsworn statement of Mr. Key, who happened at that time to hold the office of sheriff, that he had served the notice, was entitled to no greater weight than the unsworn statement of any other private individual. His unsworn return as sheriff was not the kind of proof required by statute, and therefore was

not competent evidence. For the failure of Mr. Ratcliff, the holder of the tax sale certificate, to perform the plain. statutory condition precedent to his obtaining a tax deed, the deed issued upon such certificate was absolutely void. It follows that the court erred in refusing to permit plaintiff to redeem. The law governing cases of this kind is well settled. *Thomsen v. Dickey,* 42 Neb. 314; *King v. Cooper,* 128 N. Car. 347; *State v. Gayhart,* 34 Neb. 192; *Miller v. Hurford,* 11 Neb. 377; *Zahradnicek v. Selby,* 15 Neb. 579.

The judgment of the district court is reversed and the cause remanded, with directions to enter a decree canceling the tax deed under which defendant claims, permitting plaintiff to redeem from the tax sale, and quieting plaintiff's title to the property, in accordance with the prayer of his petition.

REVERSED.