JAMES M. LANIGAN, APPELLEE, V. EDWARD GILROY ET AL.. APPELLANTS.

FILED FEBRUARY 26, 1915. No. 18,040.

Tax Sale: REDEMPTION: LIMITATIONS. Where the evidence on which a tax deed is executed is recorded with it and clearly shows that the deed is void, the owner may maintain an action to quiet his title and redeem his land from tax sale at any time within ten years after the recording of the deed.

APPEAL from the district court for Greeley county: JAMES R. HANNA, JUDGE. *Affirmed.*

*E. P. Clements,* for appellants.

*T. P. Lanigan & Son* and *J. R. Swain, contra.*

BARNES, J.

Action to quiet plaintiff's title to the south half of section 13, township 20 north, range 11 west of the sixth P. M., situated in Greeley county, Nebraska, to set aside certain tax deeds and redeem the land from the lien for delinquent taxes.

It appears that defendant Edward Gilroy purchased the land in question at tax sale on the 13th day of November, 1903, for the taxes assessed against it for the years 1894 to and including 1902; that he had paid the taxes subsequently assessed against the land for the years 1903 to and including the year 1908. It further appears that the time provided by statute for redemption of the premises expired November 13, 1905; that the purchaser failed to publish the notice for redemption required by statute until January 11, 1906, which was the date of the last publication of the notice; that the notice was directed to C. E. Fowler, while the deed records show that the land was then owned by Charles E. Fowler. The purchaser failed to file the affidavit required by statute authorizing the publication of the notice. On this record the county treasurer, on the 22d day of June, 1906, executed to the defendant Edward Gilroy a tax deed for each of the quarter sections of land described in his two certificates of purchase. It also appears that, after receiving his certificates of tax sale, Gilroy fenced the land in question with other large bodies of vacant, unimproved, prairie lands, and used the same as a pasture for his cattle. After receiving his tax deeds, he continued to so make use of the half section in question, with other lands which he had inclosed, as aforesaid. The plaintiff proved his title to the premises, and on the facts thus shown by the record the district court found generally for him, and rendered a judgment in his favor

canceling the tax deeds and quieting his title upon the payment of the taxes, interest and penalties, amounting to the sum of $357.85, with interest at the rate of 10 per cent. per annum from the date of the decree, which was declared to be a first lien on the premises, and that defendant Mary Gilroy had acquired no interest in the land in question. It was further decreed that, unless the sum so found due to the defendant was paid within 20 days, the land should be sold as upon execution to satisfy said lien. From that judgment the defendant Edward Gilroy has appealed.

Edward Gilroy contends that the judgment is not sustained by the evidence, and argues that the tax deeds were valid on their face; that, having taken possession of the land conveyed to him thereby, the plaintiff was barred by section 6558, Rev. St. 1913, which provides: "No action for the recovery of real estate sold for the nonpayment of taxes shall be brought after five years from the execution and recording of the treasurer's deed, unless the owner is at the time of the sale a minor, insane person or convict in the penitentiary, in which case such action must be brought within five years after such disability is removed." This contention might be sustained if it were not for the provisions of section 214, art. I, ch. 77, Comp. St. 1903, which were in force at the time Gilroy purchased the land for taxes. That section provides, in substance, that the evidence upon which a tax deed is issued shall be recorded therewith. This evidence consists of the notice of redemption and proof of service of publication, if service be so made, together with the affidavit authorizing such service. In the case at bar, service of notice of redemption was attempted to be made by publication, and the notices, together with the proofs, were filed with the deeds and duly recorded as a part thereof. The notices show that they were published long after the time for redemption had expired and without the affidavit authorizing the publication. The tax deeds were therefore void. The statute makes the evidence, on which deeds were executed, a part of the public records in the office of the register of deeds,

so that any person may have the opportunity of investigating and finding out for himself the true condition of the title. In *King v. Boettcher*, 96 Neb. 319, it was said: "Notice of the time when the redemption of land from tax sale will expire must be given by the tax purchaser or his assignees before the expiration of the time to redeem." In *Wells v. Bloom*, 96 Neb. 430, it was said: "A tax deed issued in 1904, upon a tax sale certificate issued on a treasurer's tax sale made in 1902, without a previous compliance by the purchaser with the requirements of section 124, art. I, ch. 77, Comp. St. 1901, is void and confers upon the grantee in such tax deed nothing more than color of title. And in such case the owner of the land may proceed at any time within ten years to quiet his title as against such tax deed and to redeem his land from such tax sale." If it be said that the tax deeds in question, when considered apart from the evidence on which they were executed, are valid on their face, they are nevertheless void, and the grantee acquired no rights by reason of their execution. *Stewart v. Ridenour, ante,* p. 451; *Peck v. Garfield County,* 88 Neb. 635; *Thomsen v. Dickey,* 42 Neb. 314; *State v. Gayhart,* 34 Neb. 192.

The judgment of the district court was right and is

AFFIRMED.

ROSE and SEDGWICK, JJ., not sitting.