FRANCIS H. BROKAW, APPELLANT, V. L. M. COTTRELL ET AL., APPELLEES.

FILED NOVEMBER 19, 1926.   No. 24249.

1. Taxation: TAX SALES: STATUTORY REQUIREMENTS. When the statute, under which land is sold for taxes, directs an act to be done, or prescribes the form, time and manner of doing any act, such act must be done, and in the form, time and manner prescribed, or the title is invalid; and in this respect the statute must be strictly, if not literally, complied with.

2. ———: ———: NOTICE: PROOF OF SERVICE. A statute which directs that a tax sale certificate holder shall have published a certain notice, and that proof of such publication shall be evidenced by the affidavit of the "publisher, manager or foreman" of the newspaper, is not met by an affidavit designating the affiant as "editor" of such newspaper.

3. ———: OCCUPYING CLAIMANT: IMPROVEMENTS. Whether or not the breaking of unimproved land by an occupying claimant is in fact a lasting and valuable improvement is a question of fact to be determined in the trial court as any other fact. If found to be such, the breaking being an integral part of the freehold, the measure of recovery therefor is to be determined by ascertaining the enhanced value of the land, if any, by reason of such improvement, regardless of its cost.

4. ———: TAX DEEDS: VALIDITY. A tax deed void for want of proper affidavit of proof of service having been filed with the county treasurer is not validated by the filing of a subsequent affidavit showing compliance with statutory requirements.

Brokaw v. Cottrell.

5. ———: ———: ———. Where the issuance of such deed is without authority on the part of the county treasurer, it is void, and the owner of the land is entitled to redeem.

APPEAL from the. district court for Chase county: CHARLES E. ELDRED, JUDGE. *Reversed, with directions.*

*C. G. Miles,* for appellant.

*Scott & Scott, contra.*

Heard before MORRISSEY, C. J., DEAN, DAY, GOOD and THOMPSON, JJ.

THOMPSON, J.

Appellant Brokaw, hereinafter called the plaintiff, brought this suit in the district court for Chase county to redeem from a public tax sale made by the county treasurer of such county on the 6th day of November, 1916, of the southeast quarter of section 21, township 8, north, range 41, in such county, and to have set aside and held for naught a tax deed issued by such county treasurer on April 24, 1920, to appellee L. M. Cottrell, one of the defendants herein, who after the issuance of such deed had gone into possession and taken there with him his codefendants. After issues were duly joined and trial had, the court dismissed the plaintiff's suit, and entered a decree quieting title in defendant Cottrell. Plaintiff appeals.

The record reflects the following facts: The plaintiff became the unqualified owner of the land in dispute through a patent issued to him by the government of the United States on May 9, 1891; that after securing such title actual possession thereof was not had by him, and he became a nonresident of the state and has remained such ever since; that the taxes for which the certificate was issued in this case were legally levied, which, after becoming delinquent, were paid by defendant L. M. Cottrell and a certificate of sale and purchase in the form provided by statute was issued to him by the county treasurer, and that such cer-

tificate holder has since continued to pay the taxes thereon; that defendant, desiring to obtain a deed, procured the notice hereinafter referred to to be published, and the affidavit hereinafter quoted to be executed, signed and filed in such county treasurer's office, in furtherance of such desire; that on such record, on the 24th day of April, 1920, such county treasurer issued to defendant the tax deed in question, and thereafter said Cottrell went into possession of the land, taking with him other defendants herein as tenants; that the land at the time of such sale and tax deed was uncultivated and without improvements; that defendant procured 120 acres thereof to be broken and has since cropped the same; that prior to the bringing of this suit the plaintiff tendered to the county treasurer the sum of $315, which was amply sufficient to redeem such lands from such tax sale; that the treasurer refused and still refuses to permit plaintiff to redeem or he to receive such money, alleging as the sole reason the execution and delivery of the tax deed herein challenged; that plaintiff also before the bringing of this suit offered to defendant L. M. Cottrell the sum of $500 as redemption money, which defendant refused and has continued to refuse; that the redemption money tendered to the county treasurer did not include the cost of the breaking of the 120 acres.

The plaintiff, for reversal, presents many claimed errors of the trial court, the most important of which, not considering the challenged defects in the notice, are the following: That the affidavit, hereinafter set out, was not sufficient compliance with the statute, hereinafter quoted, as to authorize the county treasurer to issue the deed; that, as it was not, such deed is void, and, being void, it was not validated by the affidavit filed during the trial by permission of the trial court, even if such affidavit conformed to the statute.

The notice is as follows:

"Notice of the Expiration of the Time of Redemption.

"To Francis H. Brokaw: You are hereby notified that

on the 6th day of November, 1916, L. M. Cottrell purchased at public tax sale, for the taxes for the year 1915, the following described real estate, to wit: The southeast quarter (S. E. ¼) of section twenty-one (21) in township eight (8) north, of range forty-one (41) west of the 6th principal meridian. Said real estate was taxed in the name of F. H. Brokaw. The time for the redemption of said real estate from said tax sale will expire in three months from the date of the service of this notice, after which the undersigned will apply to the county treasurer of Chase county, Nebraska, for a tax deed for said real estate. Dated this 18th day of October, 1919. L. M. Cottrell, owner and holder of the certificate of said tax sale.

"Filed in the office of the county treasurer this 29th day of November, 1919. A. B. Grant, county treasurer."

The affidavit challenged is as follows:

"Publisher's Affidavit.

"State of Nebraska, Chase county—ss.

"John W. Hann, being duly sworn, on oath says he is editor of the Wauneta Breeze, published weekly at Wauneta, Chase county, Nebraska, and of general circulation in said county; that a true copy of the attached notice was correctly published in the regular and entire issue of said paper, and not in a supplement, on Thursday, Dec. 4, 1919, Thursday, Dec. 11, 1919, Thursday, Dec. 18, 1919. John W. Hann."

"Subscribed and sworn to before me this 20th day of December, 1919. D. R. McCallum, Notary Public. Fees $2.00. (Seal) Commission expires Jan. 20, 1925."

The controlling statutes are sections 6542 and 6543, Rev. St. 1913.

Section 6542: "No purchaser at any sale for taxes, or his assignee, shall be entitled to a deed for the land or lot so purchased, unless such purchaser or assignee, at least three months before applying for such deed, shall serve or cause to be served on every person in actual possession or occupancy of such land or lot and also upon the person

in whose name the title to said land appears of record in the office of the register of deeds of the county, if upon diligent inquiry he can be found in the county, a notice stating when such purchaser purchased the land or lot, the description thereof, in whose name assessed, for what year taxed or specially assessed, and that after the expiration of three months from the date of the service of such notice the deed will be applied for. The service of said notice shall be proved by affidavit and the notice of affidavit shall be filed and preserved in the office of the county treasurer. For each service of such notice a fee of one dollar shall be allowed. The amount of such fees shall be noted by the treasurer in the sales book opposite the tract of land described in the notice and shall be collected by the treasurer in case of redemption for the benefit of the holder of the certificate."

Section 6543. "If no person is in actual possession or occupancy of such land or lot, and the person in whose name the title to the land appears of record in the office of the register of deeds in the county cannot, upon diligent inquiry, be found in the county, then such purchaser or his assignee shall publish the notice in some newspaper published in the county and having a general circulation therein. If no newspaper is printed in the county, then in a newspaper published in this state nearest to the county in which the lands or lot is situated. Such notice shall be inserted three consecutive weeks, the first time not more than five months and the last time not less than three months before the time of redemption shall expire. Proof of such application shall be made by filing in the county treasurer's office the affidavit of the publisher, manager or foreman of such newspaper, that to his personal knowledge, said notice was published for the time and in the manner provided herein, setting out a copy of the notice and the dates upon which the same was published. Such affidavit shall be preserved as a part of the files of said office. Any publisher, manager or foreman of a newspaper knowingly or negligently making a false affidavit regarding any such

matters shall be guilty of perjury, and shall be punished accordingly."

It will be seen that the notice is not in strict conformity with section 6542 of the statute. However, as heretofore indicated, our determination of the sufficiency of the affidavit in a large measure covers the challenge to the judgment.

Section 6542, *supra*, applies to cases where the applicant can make personal service of his intention to apply for a deed, and section 6543 applies where it is necessary to publish a notice in a designated newspaper of such intention. In construing these sections, however, it is necessary that we consider them together; in fact, they should be considered and interpreted as if they were one and the same. Thus interpreting such sections, we find that it is provided that no purchaser at any sale for taxes, or his assignee, shall be entitled to a deed for the land or lot so purchased, unless the things specifically required to have been previously done by him have been done, and proof thereof as required by the statute has been made a part of the records in the county treasurer's office. That is, that such record is a necessary condition precedent to the issuance of such tax deed by such county treasurer.

The law applicable to the instant case is fairly stated in an early Vermont case, to wit, *Chandler v. Spear*, 22 Vt. 388, as follows: "When the statute, under which land is sold for taxes, directs an act to be done, or prescribes the form, time and manner of doing any act, such act must be done, and in the form, time and manner prescribed, or the title is invalid; and in this respect the statute must be strictly, if not literally, complied with." While this Vermont case has not been referred to by us in our previous opinions, we have adopted the rule therein announced, and consistently followed the same when such question has been presented to this court.

In *State v. Gayhart*, 34 Neb. 192, 195, we held: "The production of the tax certificate to the treasurer, together with proof that proper notice of the expiration of the time

to redeem has been legally given, are conditions precedent to the right of the treasurer to execute a tax deed."

The notice to redeem, to be of any validity, must be served upon the very party designated by the statute, and contain the precise information required thereby. Such statements are jurisdictional. *Thomsen v. Dickey*, 42 Neb. 314. Without the affidavit required by the statute being filed, the county treasurer is without jurisdiction, and the tax deed is void. *Peck v. Garfield County*, 88 Neb. 635. There must be a strict compliance by the tax sale purchaser with each condition imposed by the statute, or the deed is void. *Henze v. Mitchell*, 93 Neb. 278, 289. "When it is sought to divest the owner of his land by a tax deed, it has always been held by this court that the provisions of the statute must be strictly complied with, for such provisions are mandatory." *Howell v. Jordan*, 94 Neb. 264. Where the deed is void the owner may redeem. *Lanigan v. Gilroy*, 97 Neb. 754.

Thus, it being the unquestioned rule in this state that a strict compliance with the terms of the statute must be had, a comparison of the affidavit with the requirements of the statute becomes essential. It will be seen that the statute, among other things, requires the record to show that notice has been given as in the act provided, the giving of which notice must be proved by an affidavit made by the "publisher, manager or foreman of such newspaper" and duly filed in the office of such county treasurer. It will be noticed that the affidavit in question, instead of following the above requirement, simply stated as descriptive of the one who made the affidavit, as follows: "John W. Hann, being duly sworn, on oath says he is editor of the Wauneta Breeze." The meaning of the respective words "editor," "publisher," "manager" and "foreman" is of such common significance as not to demand explanation or interpretation. Each means, and must have been by the legislature intended to mean: "Editor (as applicable to a newspaper): One who directs or supervises the policies and contributions of a newspaper, magazine, work of reference, or the like."

"Publisher: One who publishes; especially one who issues, or causes to be issued, from the press and offers for sale or circulation matter printed, engraved, or the like." "Manager: One who manages; a conductor or director." "Foreman: The chief of a set of workmen who superintends the rest; an overseer." Webster's New International Dictionary.

That it was not intended that such statute should or did include an "editor" is stressed by the further provision in such section: "Any publisher, manager or foreman of a newspaper knowingly or negligently making a false affidavit regarding any such matters shall be guilty of perjury, and shall be punished accordingly." Then, the affidavit must be made by one who knows. It is not necessarily an editor's duty to know the business done by such paper. His duty relates, as we have seen, to directing or supervising the policies and contributions of the newspaper. It is true, as contended by appellee, that one person might be editor, publisher, manager, and foreman, but where the affidavit uses only the word "editor," more cannot be presumed. The statute is without ambiguity as to who shall make the affidavit, and as to what must be shown by the record, and how it must be shown, in order that the county treasurer may be authorized to make such a deed. Thus, as is indicated by the foregoing, the word "editor" is not a synonym of, and does not comprehend or include in its meaning or significance, "publisher," "manager," or "foreman," as used in such statute, and the use of the word "editor" does not answer the statutory requirements. Thus, the county treasurer was without authority to issue such tax deed, and such deed is void. This being true, the subsequent filing of an affidavit within the statutory provisions could not, and did not, validate such deed.

The cases cited by the appellee, to wit, *Britton v. Larson*, 23 Neb. 806, *Bresee v. Seberger*, 88 Neb. 632, and others of a similar nature, as being adverse to the position herein taken, are cases wherein it was held that the service of the notice was jurisdictional, and not the proof of such

service. In the instant case, and those cited in support of our conclusion herein, the contrary holding is applied, to wit, that a strict compliance with the statute, not only as to the service of the notice, but also as to the proof of such service, must be reflected by the record before the county treasurer is clothed with authority to issue such tax deed.

The tender by plaintiff of the $315 to the county treasurer was sufficient to lay a foundation for the institution of this action. *Herman v. Barth,* 85 Neb. 722; *Howell v. Jordan,* 94 Neb. 264.

Hence, as we held in *Humphrey v. Hays,* 85 Neb. 239: "In such a case the plaintiff should be allowed to redeem upon the payment of the tax lien, the taxes subsequently paid on the premises, together with the interest thereon, and the (reasonable) value of the permanent improvements, if any, made upon such premises by the purchaser or those claiming under him." Further, it is held that the tax deed should be canceled and title forever quieted in the plaintiff, as against each and all of the defendants.

However, as to whether or not the breaking of the land was a lasting and valuable improvement is one of the questions of fact to be determined in the trial court at the hearing, and, if found to be such, the breaking being an integral part of the freehold, the measure of recovery therefor is to be determined by ascertaining the enhanced value of the land, if any, by reason of such improvements, regardless of its cost. *Gombert v. Lyon,* 72 Neb. 319; *Dougherty v. White,* 112 Neb. 675.

The judgment of the trial court is reversed and the cause remanded, with directions for an accounting, and an entry of judgment in favor of the plaintiff in harmony with this opinion.

REVERSED.